ABR CORPORATION, PROSECUTOR-RESPONDENT, v. CITY OF NEWARK AND VINCENT J. MURPHY, MAYOR AND DIRECTOR OF REVENUE AND FINANCE OF THE CITY OF NEWARK, DEFENDANTS-APPELLANTS.

Argued February 7, 1945—Decided April 19, 1945.

For the appellants, *Philip J. Schotland* (*Thomas L. Parsonnel*, of counsel).

For the respondents, *Arthur T. Vanderbilt* and *H. Edward Toner*.

PER CURIAM.

The judgment is affirmed, for the reasons expressed in the opinion of Mr. Justice Porter for the Supreme Court.

The opinion says: "Certainly Bratter had no equitable estate in the property which would justify any such assessment to be taxable. His equitable title must be vested and perfected by full performance of the contract." In our view, the question is whether all the conditions precedent to a conveyance of the legal title have been fulfilled by the vendee. In that event, the government holds the bare naked title and a nominal interest, and the whole value is taxable to the equitable owner. Until all the conditions precedent have been performed, the lands are the property of the government and exempt from taxation by the state. This is the principle of the case of *New Brunswick* v. *United States,* 276 *U. S.* 547; 48 *S. Ct.* 371; 72 *L. Ed.* 693, reiterated in the case of *United States* v. *County of Allegheny,* 322 *U. S.* 174; 64 *S. Ct.* 908; 88 *L. Ed.* 1209. The common law doctrine of equitable conversion upon the execution of a contract for the sale of land is not applicable. Until the vendee of a contract for the sale of land owned by the government is entitled to a conveyance of the title by the performance of all conditions precedent, his mere possessory right is not taxable by the state.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, COLIE, WELLS, RAFFERTY, THOMPSON, JJ.   10.

*For reversal*—None.